IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ronny Harmon Kress, | ) | C/A No.: 8:04-22042-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Alabama Motor Express, | ) | |
| and Billie Burgess, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion to remand. The court has reviewed the record and memoranda of counsel. For the reason stated below, the court finds the plaintiff's motion to remand should be denied.

The plaintiff filed this action to recover for personal injuries he allegedly sustained arising out of a vehicular accident that occurred on or about October 8, 2001. Plaintiff originally filed this action in the Court of Common Pleas, Anderson County, South Carolina, on July 23, 2004. On August 27, 2004, Defendants filed a notice of removal to this court on the basis of diversity of citizenship. Defendants contends that Plaintiff is a citizen and resident of Tennessee, that Defendant Burgess is a citizen and resident of Alabama, and that Defendant Alabama Motor Express is a corporation organized and existing under the laws of the State of Alabama. Defendants also contend that Plaintiff's complaint seeks damages, both actual and punitive, in an unspecified amount believed to be in excess of $75,000, exclusive of interests and costs. See 28 U.S.C. §§ 1332(a), 1447.

Plaintiff's motion to remand was filed on August 22, 2005. Plaintiff's counsel asserts in the memorandum in support of the motion to remand that the plaintiff has stipulated at his deposition that

he is no longer seeking future economic loss nor punitive damages.[1] Plaintiff's counsel also stipulates in the memorandum that Plaintiff's damages are less than $75,000. Accordingly, the plaintiff requests that this court remand the case back to state court because this court purportedly lacks subject matter jurisdiction.

## **DISCUSSION**

Ordinarily, the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith. Wiggins v. North American Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981). It must appear to a legal certainty that the plaintiff cannot recover the jurisdictional amount before the case will be dismissed for want of jurisdiction. Id. Punitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943).

Viewing the allegations of the complaint, the court cannot say to a legal certainty that Plaintiff is precluded from recovering the jurisdictional amount. Plaintiff alleges in his complaint that he suffered pain, incurred doctor, medical, hospital, and prescription drug expenses, incurred lost wages, will continue to suffer for the rest of his natural life, incurred a permanent impairment of his left upper extremity, that he would have future pain, suffering, and emotional distress, that he would incur additional medical expenses, that his quality of life had been diminished, and that he would suffer economic loss in the future. As stated above, in the complaint the plaintiff claims damages, both actual and punitive, in an amount to be determined by the court. As such, this court concludes that Plaintiff's

---

[1] Plaintiff's counsel indicates that portions of the relevant deposition testimony are attached to the motion, however, the filing does not reveal any such attachment.

claims for relief in an unspecified amount may easily be read to meet the amount in controversy.

The court concludes that it has subject matter jurisdiction over the within action pursuant to 28 U.S.C. § 1332(a). In determining whether the amount in controversy requirement for diversity jurisdiction has been satisfied, the court must examine the complaint at the time of removal. See Thompson v. Victoria Fire & Cas. Co., 32 F. Supp. 2d 847, 849 (D.S.C. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). As mentioned above, in the memorandum in support of the motion to remand, Plaintiff's counsel indicates that the plaintiff has stipulated at his deposition that he is no longer seeking future economic loss nor punitive damages. However, there is no information filed with this court which indicates that the plaintiff has stipulated by way of affidavit or deposition that his other noneconomic losses (i.e. pain and suffering, permanent impairment, etc.) are less than $75,000. While Plaintiff's counsel stipulates in the memorandum in support of the motion to remand that Plaintiff's damages are less than $75,000, the court notes that Plaintiff's counsel has not filed an affidavit, signed by the plaintiff, stating that the amount in controversy does not exceed $75,000, nor has a stipulation been filed, signed by the plaintiff, agreeing he would not seek damages in excess of $75,000. The only "under oath" statement made by the plaintiff which this court has been made aware of is that he is no longer seeking future economic loss nor punitive damages. While some courts may give consideration to granting a motion to remand when Plaintiff's counsel has filed an affidavit, signed by the plaintiff, stating that the amount in controversy does not exceed $75,000, and/or a stipulation has been filed, signed by the plaintiff, in which he stated that he would not seek damages in excess of $75,000, no such filing(s) have been made in this case. Nevertheless, a plaintiff's post-removal statement that his actual and punitive damages do not exceed $75,000 does not necessarily deprive this court of diversity jurisdiction. Id. at 849.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion to remand is **DENIED**.

**AND IT IS SO ORDERED**.

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
December 5, 2005